# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-40150
Summary Calendar

BILLY HAMBRICK,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; B. CHANEY,
Assistant Warden; EDWARD SMITH, Major;
ROY FOUNTAIN, Lieutenant; UP ASBERRY,
Lieutenant; UP STEWARD, LVN; W. KIRKSEY,
LVN; UP SMITH; UP JONES; UP HILL;
UP TOBIAS; UNIDENTIFIED PARTY;
MICHAEL WILSON, Warden,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CV-135)

July 5, 1996

Before POLITZ, Chief Judge, JONES and WIENER, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Billy Hambrick, a Texas prisoner, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(d). Hambrick contends that: (1) he was denied access to the law library, (2) his conditions of confinement violate the eighth amendment's protections again cruel and unusual punishment, and (3) the prison officials violated certain prison regulations.

We find Hambrick's contentions to be frivolous. A claim of denial-of-access to a law library requires an allegation and then demonstration of prejudice by the denial. None exists here.[1] The conditions of confinement challenged by Hambrick do not involve deprivations of essentials, such as food, medical care, or sanitation and, accordingly, do not rise to the level of an eighth amendment violation.[2] Nor does the mere allegation of a violation of a prison regulation implicate a constitutional violation.[3]

Because the appeal is frivolous, it is dismissed.[4] We admonish Hambrick that any other frivolous appeal filed by him will invite the imposition of the full

---

[1]**Biliski v. Harborth**, 55 F.3d 160 (5th Cir. 1995).

[2]**Rhodes v. Chapman**, 452 U.S. 337 (1981).

[3]**Hernandez v. Estelle**, 788 F.2d 1154 (5th Cir. 1986).

[4]Loc.R. 42.2.

range of sanctions.  With that in mind, Hambrick would be well advised to review any pending appeal he may have to ensure that it does not again raise arguments that are frivolous because they previously have been decided by this court.

APPEAL DISMISSED.  SANCTION WARNING ISSUED.